No. 21,658.

W. J. ROBB, *Plaintiff*, v. FRED W. KNAPP, as State Auditor, etc., *Defendant*.

### SYLLABUS BY THE COURT.

CHIROPRACTIC EXAMINERS—*Fees to be Deposited with State Treasurer in His Official Capacity.* Section 10 of chapter 291 of the Laws of 1913 (Gen. Stat. 1915, § 10223) requires the fees received by the state board of chiropractic examiners to be deposited with the state treasurer in his official capacity, and not with him as an agent of the board.

Original proceeding in mandamus. Opinion filed April 6, 1918. Writ denied.

*R. F. Hayden,* and *A. E. Crane,* both of Topeka, for the plaintiff.

*S. M. Brewster,* attorney-general, *John L. Hunt,* and *S. N. Hawkes,* assistants attorney-general, for the defendant.

The opinion of the court was delivered by

BURCH, J.: The action is one to require the state auditor to issue a warrant for the expenses of a member of the board of chiropractic examiners. The question is whether or not the fund which the warrant would reach is in the hands of the state treasurer as a special depositary, or is in his official custody as a state officer. If the fund be a treasury fund, its appropriation by the legislature has lasped.

The question presented is to be solved by an interpretation of section 10, chapter 291, of the Laws of 1913 (Gen. Stat. 1915, § 10223), which reads as follows:

"(a) All examination fees received by the state board of chiropractic examiners under this act shall be paid to the secretary-treasurer of said

Robb v. Knapp.

board, who shall at the end of each year deposit the same with the state treasurer, and the said state treasurer shall place said money so received in a special fund of the state board of chiropractic examiners and shall pay the same out on warrants drawn by the auditor of the state thereof, upon vouchers issued and signed by the president and the secretary-treasurer of said board. Said moneys so received and placed in said fund may be used by the state board of chiropractic examiners in defraying their expenses in carrying out the provisions of this act. (b) The secretary-treasurer shall keep a true and accurate account of all funds received and all vouchers issued by the board; and on the first day of December of each year he shall file with the governor of the state a report of all receipts and disbursements and the proceedings of said board for the fiscal year. (c) The members of said board shall receive a per diem of ten ($10) dollars per each day during which they shall be actually engaged in the discharge of their duties, and mileage at the rate of three (3) cents per mile for each mile necessarily traveled in going to and from any meeting of said board. (d) Such per diem and mileage and such other incidental expenses necessarily connected with said board shall be paid out of the fund of the state board of chiropractic examiners and not otherwise."

The plaintiff argues that the state treasurer as an individual was constituted an agent of the board to keep the fund and pay it out under prescribed formalities. The state was to be under no liability for the services and expenses of the board, which was to be supported by the fees which it was authorized to collect. These fees were to be systematically accounted for, were to be kept in a special fund by a custodian designated for the purpose, and were to be available for use whenever needed. The decision in the case of *The State, ex rel., v. Stover,* 47 Kan. 119, 27 Pac. 850, is cited, in which a distinction was drawn between the state treasurer and a person holding the office of state treasurer, as the custodian of public money.

The auditor draws opposite conclusions from the same premises. If the individual who happens to be state treasurer were custodian of the fund, there would be no purpose in designating it a special fund. The only purpose of such designation is to distinguish the fund from other funds in the treasury. The method of drawing upon the fund is the usual method of getting money out of the treasury. Use of the term, state treasurer, in connection with public business indicates a state official rather than a board agent, and the legislature of 1913 frequently used the designation, state treasurer, or treasurer of state, where official capacity and conduct were clearly intended.

In the case cited by the plaintiff it was said that money in the possession of the person who was treasurer of state was rightfully in his hands as state treasurer, and consequently was rightfully in the state treasury.

The auditor presents a question of public policy. The money is public money received and paid out for public purposes. It ought to be secured by official bond, and handled as funds of like character which are required to go into the treasury. Without clear expression to the contrary, an intention to establish an unusual practice, fraught with danger and subject to abuse, ought not to be imputed to the legislature.

The court agrees with the state auditor, and the writ is denied.

WEST, J.: Not sitting.